**SKLAR OIL CORPORATION v. THOMPSON.**

No. 12103.

Circuit Court of Appeals, Eighth Circuit.

March 30, 1942.

H. S. Yocum, of El Dorado, Ark. (J. S. Brooks, J. K. Mahony, and E. A. Mahony, all of El Dorado, Ark., on the brief), for appellant.

Claude B. Crumpler and Surrey E. Gilliam, both of El Dorado, Ark., for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

The questions presented arise under the Fair Labor Standards Act and are purely factual. The appellee, (plaintiff in the trial court) recovered a judgment against the appellant (defendant in the trial court) for overtime compensation and it has appealed.

It is averred in the complaint that the appellant "is engaged in interstate commerce and in the production of oil and gas * * * for interstate commerce," and that the appellee was an employee of the appellant while it was so engaged. It was also averred that appellee was an employee long before the effective date of the Fair Labor Standards Act, towit, October 24, 1938, and that his employment continued thereafter until terminated August 31, 1939.

Appellee stated that, from and after October 24, 1938, his contract of employment was for a forty-four hour week, for which he was to receive as compensation $30 per week. He averred, however, that he worked many hours per week in excess of the maximum fixed by Section 207, 29 U.S.C.A., for which appellant has refused to compensate him. The prayer was for damages as provided by Section 216, 29 U.S.C.A., for such overtime.

Appellant filed an amendment to its original answer wherein it substantially denied violation of the Fair Labor Standards Act. There was no denial that it was engaged in interstate commerce or the production of oil and gas and their products for interstate commerce.

The employment of the appellee during the period mentioned and the nature and character of the work done by him was substantially admitted. The appellant was engaged in producing oil from leases in Union County, Arkansas. The appellee attended to the machinery used in pumping oil from the wells and did other work on appellant's leases. Prior to the Fair Labor Standards Act and for some time after its effective date, appellee worked long hours on every day of the week. These hours, according to the evidence, were from 6 o'clock in the morning until approximately 6 o'clock in the evening, with a short time out in the middle of the day. In addition to this he did some work at night. It was his duty at intervals to oil up the machinery used in pumping oil on two wells, and to perform such other labor and duties as would keep the machinery running smoothly. This particular work required approximately two hours per day.

After the effective date of the Fair Labor Standards Act the appellant kept weekly time sheets. These were signed by the appellee and the appellant's foreman. The sheets disclosed overtime and compensation therefor. The earlier sheets appeared to be experimental, as the computation was made at first upon the basis of the minimum wage permissible under the law. Later, however, the hourly rate was fixed at 42.86 cents per hour. The number of hours supposed to have been worked by the appellee were noted and compensation as required by law at this rate was allowed, including one and one-half times the regular rate for overtime. Compensation continued at this rate until about the first of the year 1939, when it was increased to 57.75 cents per hour. It did not appear from the weekly time sheets nor from the evidence that he had been compensated for the two hours per day devoted to supervising the pumping equipment on the leases.

Accordingly, upon the evidence, the trial court found that from October 24, 1938, for a period of 68 days he had "not been paid for the two hours per day which he worked in attending to the wells in his charge." An identical finding was made covering the period January 1, 1939 to August 26, 1939. This was a total of 272 days during which he had worked two hours per day for which he had not been compensated and such work was overtime. The trial judge took from the schedules prepared and used by the appellant the rate of 42.86 cents per hour for 136 hours, being the time elapsing from the effective date of the law until the end of December, 1938. Similar computation was made with the rate at 57.75 cents per hour fixed by the appellant for the time between January 1 and August 26, 1939. As provided by the statute, the court awarded an equal amount as liquidated damages and allowed as a reasonable attorney's fee the sum of $200.

It is here contended by the appellant that the evidence failed to show that it was engaged in interstate commerce or in the

production of oil and gas products for interstate commerce, and, moreover, that the appellee was paid a regular salary which was adequate under the Fair Labor Standards Act for his regular as well as overtime work. These contentions will be discussed.

1. It was necessarily averred by the appellee that the appellant was engaged in interstate commerce and that his employment was in connection therewith.

The appellant did not deny this averment. On the contrary, it provided and used, from the effective date of the law, time sheets wherein it undertook to adjust itself to the Fair Labor Standards Act. The appellant treated and considered as true the averment that it was engaged in interstate commerce. In addition to this, the court was justified in inferring from the very nature of the appellant's business that it was in fact engaged in the production of oil and gas products for interstate commerce. Such apparently was the theory of the appellant when the case was tried.

The trial court was entirely justified upon the pleadings and the evidence in finding, as it did, that the appellant was engaged in interstate commerce and therefore became subject to the Fair Labor Standards Act.

2. The trial judge found upon the evidence of the appellee that he had performed the labor asserted by him in attending the producing wells of the appellant; that this work had required, on an average, two hours a day, and that he had not been compensated therefor.

The weekly time sheets kept by the appellant were in evidence and they showed that the appellee had worked beyond the maximum number of hours per week fixed by law and that, although overtime compensation had been computed and paid by the appellant, yet the two hours per day mentioned had not been included. The evidence amply supported the finding of the trial judge as to the overtime for which appellee had received no compensation.

3. The weekly time sheets kept by the appellant refute its contention that the appellee was employed upon a flat salary basis of $130 per month. These sheets show conclusively that the appellee was paid at an hourly rate and that his weekly income, without exception, involved overtime, and that the appellant made the statutory computation in determining the amount of compensation. These identical figures were used by the trial judge in computing the amount due appellee for the overtime not included in the weekly time sheet.

In this court the appellant admits the overtime found by the trial judge as being well supported by the evidence and not controverted. Its only contention in this regard is that the flat salary employment precludes computation at an hourly rate. This contention of course falls away in the presence of the appellant's own records. The judgment of the trial court was supported both by the facts and the law. Accordingly, the judgment should be and is affirmed.